# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRI M. SCALISE, | ) | |
| | ) | |
| Plaintiff, | ) | 2:08-cv-709 |
| v. | ) | |
| | ) | |
| PARKWAY WEST CAREER AND | ) | |
| TECHNOLOGY CENTER | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pending before the Court is Defendant's PARTIAL MOTION TO DISMISS (Document No. 9). Defendant filed a brief in support of its motion and Plaintiff filed a brief in opposition to the motion (Document Nos. 10, 11). The motion is ripe for disposition.

Plaintiff was employed as a teacher by Defendant Parkway West Career and Technology Center ("Parkway"). The amended complaint alleges gender discrimination and retaliation claims under Title VII and the Pennsylvania Human Relations Act ("PHRA").

Defendant does not seek dismissal of the entire amended complaint. Rather, Defendant raises several narrower contentions: (1) that claims emanating from the first charge Scalise filed with the EEOC must be dismissed because they were not pursued in a timely fashion; (2) that any claims not raised in the second EEOC complaint filed by Scalise must be dismissed; and (3) that punitive damages are not recoverable against a school district under Title VII or the PHRA. The Court will address these arguments seriatim.

1. Claims Arising Under the First EEOC Complaint

Plaintiff has combined her response to the first two arguments asserted by Defendant. Plaintiff does not contest the validity of Defendant's legal arguments, but rather, represents that

she has not raised any claims grounded in her first charge of discrimination.  Plaintiff explains that the references to the acts and omissions described in the first EEOC complaint were included merely as relevant "background evidence."  Accordingly, Plaintiff believes that Defendant's request for relief should be denied as moot.

Although it is now apparent that Plaintiff does not intend to pursue any discrimination claims not contained in her second EEOC charge, on the face of the amended complaint it was not clear that her allegations were so limited.  Paragraph 11 of the amended complaint avers that discrimination occurring during the approximate period from December 1, 2004 through July 15, 2005 is alleged as background, but Counts I-IV (¶¶ 24-27) broadly incorporate all of "the acts or omissions of Defendants as described above."  Defendant's motion was not moot at the time it was filed and Plaintiff does not dispute that the relief sought by Defendant is appropriate.  Accordingly, this aspect of the motion to dismiss will be granted.

2.	Punitive Damages

Plaintiff argues that dismissal of her request for punitive damages is premature.  Plaintiff contends that the issue of whether Defendant will be able to prove that it is immune from punitive damages under 42 U.S.C. § 1981(a)(b)(1) is a mixed question of law and fact that requires a fully-developed factual record.  The Court cannot agree.  While there may be cases in which immunity from punitive damages must be resolved upon a fully-developed factual record, the issue may be resolved on the pleadings in this case.

Section 1981(a)(b)(1) provides that a plaintiff "may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) . . . ."  It is well-established that public schools constitute governmental agencies

from which punitive damages cannot be recovered.  *See, e.g., Graham v. Ambridge Area School District*, 2008 WL 1994861 (W.D. Pa. May 5, 2008).  Paragraph 7 of the amended complaint avers that Parkway "maintains an alternative school for at-risk teenagers within the meaning of Pennsylvania's Public School Code, 24 P.S. § 1-101."  Thus, on the face of the amended complaint, it is apparent that Defendant is a public school that is immune from punitive damages under Title VII. At a minimum, the allegations in the amended complaint do not make a claim for punitive damages plausible.   Punitive damages are unavailable under the PHRA.  *Hoy v. Angelone*, 720 A.2d 745 (Pa. 1998).  Accordingly, this aspect of Defendant's motion will also be granted.

In accordance with the foregoing,  Defendant's PARTIAL MOTION TO DISMISS (Document No. 9) is **GRANTED**.  Defendant shall file an answer to the amended complaint on or before September 9, 2008.

SO ORDERED this 25th  day of August, 2008.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:    Charles A. Lamberton, Esquire
        Email: cal@lambertonlaw.com

        Anthony G. Sanchez
        Email: asanchez@andrewsandprice.com